UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------- X
In the Matter of

RUTH M. POLLACK,

an attorney admitted to practice before this
Court,

Respondent.

---------------------------------------------------------------- X

**MEMORANDUM
DECISION AND ORDER**

08 Misc. 525 (BMC)

**BEFORE THE GRIEVANCE COMMITTEE OF THE UNITED STATES DISTRICT
COURT FOR THE EASTERN DISTRICT OF NEW YORK**

By Order dated March 26, 2010, the Grievance Committee of the United States District Court for the Southern District of New York issued an Order disbarring respondent from practicing before that Court. On March 29, 2011, the Grievance Committee of this Court (the "Committee") issued an Order to Show cause as to why respondent should not be disbarred from practicing before this Court pursuant to Local Rule 1.5, which permits the Committee to reciprocally recognize disciplinary sanctions imposed by authorities in other jurisdictions. Respondent has responded to the Order to Show Cause, but the arguments she has raised are legally insufficient and the Committee therefore disbars her from practicing before this Court, effective immediately.

## BACKGROUND

The facts relating to respondent's misconduct have been set forth in numerous prior decisions and orders and therefore will not be repeated at length here. To summarize, respondent

was the subject of an Order to Show Cause for Contempt issued in a civil case pending before Judge Joseph Bianco in this district. Judge Bianco dismissed the complaint that respondent had brought on behalf of her client as a sanction for the misconduct and referred the Order to Show Cause for prosecution. The Order to Show Cause was then prosecuted before Judge Allyne Ross, who found plaintiff in criminal contempt and imposed a probationary sentence with a special condition of suspension from practice for 45 days.

Upon review of these proceedings, the Grievance Committee of this Court issued an Order to Show Cause with Statement of Charges as to why disciplinary sanctions should not be imposed. The charges also included the allegation that respondent had continued to practice in our court in violation of the special condition of probation imposed by Judge Ross. Respondent failed to oppose, and on March 31, 2008, this Committee issued a sanction of two years' suspension from practice before this Court. Respondent then moved to vacate, claiming, among other things, that she had never received notice of the Order to Show Cause and Statement of Charges. We denied her motion.

On January 20, 2009, the Grievance Committee of the Southern District of New York reciprocally imposed a two year suspension from practice before that court based upon our Order. By Order dated May 26, 2010, noting that respondent had failed to respond to another Order to Show Cause from that Committee, the Grievance Committee of the Southern District disbarred her on the ground that she was continuing to practice before that court notwithstanding its order of suspension.

This Court's Grievance Committee then issued an Order to Show Cause dated March 29, 2011, directing respondent to demonstrate within 24 days why she should not be reciprocally disbarred from practicing before this Court pursuant to Local Rule 1.5, and providing that the

2

failure to respond would result in immediate disbarment. She responded on April 22, 2011; we deem her submission to be timely.

Finally, by Order entered March 28, 2011, the United States Court of Appeals for the Second Circuit reciprocally recognized the Southern District's disbarment order and disbarred respondent from practicing before the Second Circuit.

It is important to note that the orders concerning respondent's prior two year suspension are not before us. The Southern District has disbarred her for continuing to practice before it despite being a suspended lawyer, and it is only that disbarment order that is before us for determination of whether we should reciprocally recognize it.

## **DISCUSSION**

In determining whether to give reciprocal effect to a disbarment order of another court, we are to apply standard set forth in Local Rule 1.5(d). See In re Gouiran, 58 F.3d 54, 57 (2d Cir. 1995). That rule provides that an attorney seeking to avoid the imposition of reciprocal discipline needs to establish

> by clear and convincing evidence (i) that there was such an infirmity of proof of misconduct by the attorney as to give rise to the clear conviction that this court could not consistent with its duty accept as final the conclusion of the other court, or (ii) that the procedure resulting in the investigation or discipline of the attorney by the other court was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process, or (iii) that the imposition of discipline by this court would result in grave injustice.

Local Rule 1.5(d), in turn, is derived from the Supreme Court's decision in Selling v. Radford, 243 U.S. 46, 50-41 (1917).

Respondent does not refer to this standard in her submission. Instead, she alleges a litany of infirmities in these and the Southern District proceedings, the principal aspects of which are:

3

(1) she never received notice of either the Southern District proceedings or the proceedings that presently bring her before this Committee; and (2) the proceedings leading to her prior two suspension by this Committee were without notice to her and were factually without merit. Having carefully considered this matter, we find that respondent has failed to provide clear and convincing evidence of any grounds for declining to reciprocally recognize the disbarment order of the Southern District Grievance Committee.

First, as noted above, the prior proceedings before Judge Bianco, Judge Ross, and this Committee which resulted in her prior two year suspension are not before us, and thus the infirmities that respondent alleges with respect to those proceedings are irrelevant here. She had separate avenues to challenge each of those proceedings and in most cases she did.[1] The Grievance Committee for the Southern District disbarred her for failing to abide by its order of suspension, and it is that disbarment order that is before us now.

Second, we note that virtually all of respondent's objections are premised on the alleged failure to receive notice of any disciplinary proceedings. However, the proper focus of the due process inquiry is not whether the notice of the proceeding was actually received but whether the means selected were reasonably adopted to accomplish such notice. Grievance Comm. For S. Dist. of N.Y. v. Polur, 67 F.3d 3, 6 (2d Cir. 1995) (per curiam). "When an attorney has furnished his address to the court clerk and has not informed the clerk that that address has been changed, the mailing of a court document to the address furnished ... constitute sufficient notice to meet the requirements of due process."

---

[1] She also filed a civil action in the Southern District of New York against the State of New York, the Appellate Division, Second Department, its Grievance Committee, members, and counsel (the State authorities had also commenced grievance proceedings against her), this Court, this Court's Grievance Committee, its Clerk, PACER, the Judicial Conference of the United States, and the United States Office of Records, alleging conspiracy to commit due process violations, which Judge Crotty dismissed on motion, and from which she took no appeal. See Pollack v. State of New York, No. 10 Civ. 0135 (PAC) (dkt 34 entered 11/23/10). She commenced that action after two failed attempts to remove the state court grievance proceedings to the Southern District. Id.

4

More importantly, this defense of non-receipt is something that respondent has asserted in virtually every disciplinary action in which she has been involved. We find it not credible for her to assert that she received neither notice of the Southern District proceedings or this Court's proceedings. She acknowledges that the listed address with the Court is her proper address, and yet it seems that whenever any disciplinary authority dispatches notice to her, it never reaches her. There is a presumption of receipt when documents are sent in the ordinary course of business and if respondent has some problem receiving mail at her designated address, it was her obligation to designate a different address.

In addition, respondent asserts that she has never had a hearing in connection with these charges. Focusing, again, on only the proceedings leading to the disbarment order in the Southern District and this Committee's Order to Show Cause as to its reciprocal recognition, respondent was not entitled to a hearing. The Southern District's Order notes that she never responded and thus raised no issues requiring a hearing. Although she annexes two responses which she claims were timely submitted to the Southern District, she has submitted no proof that such responses were actually timely submitted. If she indeed timely responded to the Southern District, then her remedy is to seek vacatur of its disbarment order, which, if successful, would of course remove the basis for our reciprocal recognition of that order. We therefore find that she has failed to demonstrate by clear and convincing evidence that she was denied due process before the Southern District. Her response to this Court's Order to Show Cause similarly raises no issues as to which a hearing is required. See Matter of Jacobs, 44 F.3d 84, 90 (2d Cir. 1994).

Finally, respondent complains, as she has previously, that she is being denied access to the docket of her case. There is no ground for this complaint. Respondent's file was originally sealed as are all grievance files so that the public has access only to orders imposing public

discipline. That is why she could not get access. In the usual grievance case, the respondent receives all orders, including Orders to Show Cause charging disciplinary violations, directly from the Committee by mail. When respondent complained that she wanted access to the court file including the sealed entries containing other orders that had been sent to her, the Committee entered an Order to accommodate her more than two years ago, on January 15, 2009, providing in part that "The Clerk is directed to grant respondent full access to the sealed docket." The docket shows that notice of this order was sent by certified mail to respondent and a return receipt signed by respondent is also on the docket. The Committee therefore views respondent's continuing complaint about not having had access to the docket as part and parcel of her tactic of denying any receipt of any Orders sent to her by the Committee.

We have considered respondent's remaining points and find them to be without merit. The Southern District's order of disbarment is therefore reciprocally recognized and the Clerk is directed to strike respondent's name from the roll of attorneys authorized to practice before this Court.

**SO ORDERED.**

Brian M. Cogan, U.S.D.J., as Chair of the
Grievance Committee for the Eastern District of
New York

Dated: Brooklyn, New York
May 27, 2011